CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 17 2006

JOHN F. CORCORAN, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

THURMAN BRAMMER,   )
                   )
    Plaintiff,     )
                   )   Civil Action No. 7:05CV00646
v.                 )
                   )   **MEMORANDUM OPINION**
RADIOSHACK CORPORATION,     )
L&L RETAIL CONSTRUCTION, L.L.C.,  )
                   )   By: Hon. Glen E. Conrad
    Defendants.    )   United States District Judge

Thurman Brammer brings this action pursuant to 28 U.S.C. §1332, alleging that he suffered physical injuries; endured pain and suffering; incurred substantial medical expenses; and suffered embarrassment, humiliation, and inconvenience as a result of the defendants' negligence. The case was filed in this court on October 18, 2005. The case is currently before the court on defendant RadioShack Corporation's (RadioShack's) motion for summary judgment on cross-claim against L&L Retail Construction, L.L.C. (L&L). The court will deny the request for interlocutory relief and take the motion for summary judgment under advisement.

## BACKGROUND

On October 11, 2004, Thurman Brammer entered the RadioShack premises at 676 Brandon Avenue in Roanoke, Virginia. According to the plaintiff, his shoes stuck to glue left on the floor by L&L employees before installing carpet tiles, and he fell. The plaintiff hit his right shoulder, hip, and head, and received physical injuries.

At the time of the incident, L&L had been working at the RadioShack store, replacing carpeting. RadioShack and L&L had entered into a contract concerning the renovation of the RadioShack store by L&L. The contract provides that:

> To the fullest extent permissible under Applicable Laws, Contractor shall reimburse, indemnify, hold harmless and defend Owner, its employees, agents, servants, landlords and representatives from and against any and all losses, damages, expenses, attorney's fees, claims, suits and demands of whatever nature, including those resulting from damages to any property or injuries, including death, to any persons, caused by or arising out of any action, omission, breach or operation under the Contract or in connection with the Work attributable to the Contractor, any subcontractor, any material supplier, any of their respective employees, agents or servants, except to the extent caused solely and exclusively by the negligence of Owner, its employees, agents, servants and representatives.

Based on the language of the contract, RadioShack now seeks interlocutory relief in the form of an order directing L&L to defend both defendants.

## DISCUSSION

Initially, the court notes that it is unclear as to whether the duty to defend has accrued. It remains undetermined at this time whether RadioShack was "solely and exclusively" negligent. More importantly, the court perceives RadioShack's request to be contrary to persuasive principles of public policy, inasmuch as the relief sought by RadioShack would require L&L to defend two parties whose interests may very well be widely divergent. See, e.g., Universal Am. Barge Corp. v. J-chem, Inc., 946 F.2d 1131, 1141 (5th Cir. 1991) (finding that indemnitor could not be expected to defend indemnitee against claim based on indemniteee's negligence because "a finding of [indemnitee's] negligence could relieve the [indemnitors] from liability").

Finally, the court does not believe that taking RadioShack's motion for summary

2

judgment under advisement will inflict undue harm and inconvenience upon RadioShack. If it is ultimately determined that RadioShack was not wholly negligent in causing plaintiff's injuries, RadioShack may renew its motion for summary judgment and, in all likelihood, recover any and all costs expended in defending the case.

Accordingly, the motion for interlocutory relief will be denied, and the motion for summary judgment will be taken under advisement.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 16th day of February, 2006.

                                               United States District Judge